Curia, per
Richardson, J.
In the case of Fitch vs. Heise, Chev. Rep. 185, this court decided that where two joint obligors had been served with the writ, and the plaintiff suggested a discontinuance as to one, and declared against the other alone, the declaration was bad upon the special demurrer.
The court will generally give leave to discontinue, as a matter of course, yet leave must be first obtained by the usual practice; and this practice has good reason. The names of men often influence the mind and bias a trial by jury; and therefore courts guard strictly against the introduction of any but the exact legal parties to a suit at law; and whether the objection be to the withdrawal, or adding a party, the practice is the same, and has the same reason. The relative position of the litigants is not to be altered at pleasure of either party. In the case before us, the plaintiffs sued William and Jane Reid upon their note, and in attachment. The defendants gave security, dissolved the attachment, and appeared in person. The case then stood precisely as that of Fitch and Heise. Mrs. Reid was in court. Afterwards the plaintiffs assumed, and the fact may have been so, that Jane Reid was the wife of the other defendant, and proceeded against Wm. Reid as if she had not been made a party ; but they should have first obtained the leave of the court before they could change the relative position of the parties made by themselves. *348 In many cases, much consequence might follow from the change. Notwithstanding, therefore, some cases which might indicate a different practice elsewhere, we would adhere to our own. The demurrer is consequently sustained, but the plaintiffs have leave to discontinue, as to Jane Reid, upon paying the costs of the demurrer, and to declare against the other defendant, giving a rule to plead de novo. /
O’Neall, Evans, Earle, and Butler, JJ., concurred.